IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 17-10109-03-EFM

CHARLES PEPPER,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Charles Pepper's Motion for Compassionate Release (Doc. 112). He seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On April 6, 2018, Defendant pleaded guilty to two counts of the use of a communication facility to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. §§ 843(b) and (d). On May 31, 2018, Defendant was sentenced to 72 months' imprisonment.

Defendant is 43 years old, and he is currently incarcerated at Englewood FCI. There have been 15 positive cases in the facility in which Defendant is housed, and no inmates have died.[1] Currently, there are four active inmate cases, ten active staff cases, and 21 pending inmate tests. Defendant's projected release date is October 7, 2021.

On September 21, 2020, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19. He states that due to the underlying health conditions of asthma, allergies, and hereditary neuropathy, he is more susceptible to COVID-19. Defendant also states that he would like to help his parents take care of the farm.[2]

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.  Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3] It allows defendants to seek early release

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited November 16, 2020).

[2] Defendant did not assert these grounds or set forth his medical conditions in his motion to the Court as his motion was very generic. He did, however, assert these grounds in his request to the Warden for early release. *See* Doc. 112 at 4.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.    Analysis

Defendant seeks early release based on underlying health conditions and the spread of COVID-19 in prison.  In addition, he states that he would like to help his parents take care of the farm due to their deteriorating health.  The government asserts that Defendant is not an appropriate candidate for early release.

**A.    Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden on August 12, 2020.  As of September 21, 2020, the date on which Defendant filed this motion, Defendant had not received a response from the Warden.  The government also admits that Defendant meets the exhaustion requirement.  Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

**B.    Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of asthma, allergies, and hereditary neuropathy, coupled with the outbreak of COVID-19 in prison constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  None of these conditions are listed by the Centers for Disease Control and Prevention ("CDC") for increased risk of severe illness from COVID-19.  The CDC lists asthma as a condition that might be at increased risk for severe illness.[8]  Defendant, however, does not provide any evidence to the Court that he does have asthma.  The government provides Defendant's medical records, and his records only

---

[8] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 16, 2020).

list an allergy diagnosis for a prescription drug. Thus, Defendant does not demonstrate an underlying medical condition that places him at increased risk of severe health complications should he contract COVID-19 in prison. Furthermore, there is no widespread outbreak at Englewood FCI in which Defendant is housed. Indeed, there are only four active inmate and five active staff cases. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[9] Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

To the extent that Defendant seeks release to help care for his parents, his request also fails. Family circumstances can sometimes establish an extraordinary and compelling reason warranting release. Specifically, the "family circumstances" application note to § 1B1.13 provides that an extraordinary or compelling reason may exist for a reduction in sentence due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[10] Here, neither circumstance exists. Defendant's parents are not the caretakers of his children nor his spouse.

---

[9] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

[10] U.S. Sentencing Guidelines Manual, § 1B1.13, Application Notes, 1(C)(i)–(ii).

Furthermore, even if the Court was inclined to find that caring for an incapacitated parent was an extraordinary and compelling reason,[11] Defendant fails to demonstrate to the Court that the circumstances here warrant his release and that he is the only potential caregiver.[12]  Defendant's Presentence Investigation Report ("PSR") indicates that he has at least one sibling who resides in Kansas who could potentially provide care to their parents, should their parents need it.[13]  Thus, Defendant's assertion that his parents may need help in taking care of the farm due to deteriorating health does not constitute an extraordinary and compelling reason warranting release in this case.

Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 112) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 19th day of November, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding that an extraordinary and compelling reason warranting compassionate release existed because the defendant was the *only* available caregiver for his ailing mother).

[12] *Id.*; *United States v. Nevers*, 2019 WL 7281929, at *6 (E.D. La. 2019) (distinguishing the facts in the case from *Bucci* because the defendant did not demonstrate that she was the only potential caregiver for her mother).  *See also United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio 2019) (finding that the family circumstances of aging and sick parents do not constitute extraordinary and compelling circumstances warranting compassionate release).

[13] The Court notes that there is scant evidence before the Court that Defendant's parents are in need of care.